FIELDING B. MORGAN *v.* Doe, ex dem. JACOB HARRELL.

The statute (Hutch. Code, 189, § 23) which provides, if any assessor of tax shall fail or neglect, "from any cause, to perform the duties of assessor, it shall be the duty of the board of police to appoint another assessor," &c., was intended to embrace cases of resignation, as well as a failure to perform the duties of the office of assessor from any other cause.

In error from the circuit court of Amite county; Hon. Stanhope Posey, judge.

Morgan  v. Doe, ex dem. Harrell.

The facts are contained in the opinion of the court.

*D. W. Hurst* for appellant.

If there was not a legal assessment, there certainly could not be a legal sale of the land.   The board of police, under such circumstances, had no power to appoint an assessor.   The act of 1846 says, " that if any assessor shall fail or neglect, from any cause, to perform his duties required of him by this act, it shall be the duty of the board of police to appoint another assessor," &c.   Hutch. Code, 189, § 23.   This act only contemplates a failure or neglect to do the duties required of him, but not a resignation, as in this case.   If it extended to a vacancy by resignation, the constitution makes a provision how such vacancies shall be filled; and it is not in the power of the legislature or board of police to prescribe a different mode.   The vacancy in such case could only have been filled by an election of the people.

*H. McKnight*, for appellee, filed no brief in the case.

Mr. Justice HANDY delivered the opinion of the court.

The defendant in error brought ejectment in Amite circuit court against the plaintiff in error, claiming title under a sale made by a tax collector.   After proof of the plaintiff's title below, the defendant offered to prove that the person who assessed the land, and under which the sale was made to the plaintiff, was appointed by the board of police after the former assessor had resigned, and that the assessment and sale were void.   To the admission of this evidence, the plaintiff objected, and the objection was sustained; to which the defendant excepted; and this presents the only point for determination.

It is contended, in behalf of the plaintiff in error, that the board of police had no power to appoint an assessor in a case of resignation of the assessor, but that the vacancy could only be filled by election in such case.

The 20th section of the 4th article of the constitution provides, in specifying the powers of the board of police, that " they shall order all county elections to fill vacancies that may

occur in the offices of their respective counties." This merely confers the power to order such elections in cases where they may become necessary. It does not, as is contended, prohibit the filling of vacancies in any other manner than by election; and it was, therefore, competent for the legislature to provide how such vacancies should be filled. This power was exercised by the act of 1846, Hutch. Code, 189, § 23, which provides that, "if any assessor shall fail or neglect, from any cause, to perform the duties" of assessor, "it shall be the duty of the board of police to appoint another assessor," &c. The power hereby given is broad and unrestricted, and embraces a case of resignation, as well as a failure to perform the duties of the office from any other cause. The act was doubtless intended to supply any defect existing under the 2d section of the act of 1833, Hutch. 164, and to meet every emergency that might arise.

Let the judgment be affirmed.